IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MIKE ARTHUR LAMBERT, )
)
Petitioner, )
)
v. ) CV 118-102
) (Formerly CR 116-079)
UNITED STATES OF AMERICA, )
)
Respondent. )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Mike Arthur Lambert filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion raises two ineffective assistance of counsel claims, one of which asserts counsel failed to file an appeal after Petitioner instructed him to do so. Based on the evidence of record, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

## I.    BACKGROUND

On October 4, 2016, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) ("Count One"), one count of using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Two"), and one count of receipt of a firearm after indictment for a felony in violation of 18 U.S.C. § 922(n)

("Count Three").  <u>United States v. Lambert</u>, CR 116-079, doc. no. 1 (S.D. Ga. Oct. 4, 2016). Petitioner faced a maximum statutory sentence of twenty years on Count One, a consecutive sentence of not less than five years nor more than life on Count Two, and a maximum sentence of five years on Count Three.  <u>Id.</u>, doc. no. 2.  Petitioner retained attorney Peter Johnson to represent him.  <u>Id.</u>, doc. nos. 11, 12.

Pursuant to a written plea agreement, Petitioner pled guilty on March 15, 2017, to Count Two.  <u>Id.</u>, doc. nos. 30-32.  United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner on September 14, 2017, to serve an eighty-four month term of imprisonment to be served consecutively to any term of imprisonment imposed upon revocation of the probation term imposed in Burke County Superior Court Number 2007-R-0135.  <u>Id.</u>, doc. nos. 42, 44.  Petitioner did not file an appeal.

In his timely filed § 2255 motion, Petitioner asserts Mr. Johnson provided ineffective assistance of counsel by failing to file a Notice of Appeal and providing inadequate advice about Petitioner's sentencing exposure during plea negotiations.  (<u>See generally</u> doc. no. 1.) In its response, the government concedes the merits of the first claim regarding failure to file an appeal and contends the second ineffective assistance claim should not be addressed until after the direct appeal is final.  (Doc. no. 5.)  Specifically, the government states:

> Upon review of the record here and discussions with Lambert's retained counsel, the government concedes that Lambert is entitled to an out-of-time appeal.  Though Lambert's plea agreement contained an appeal waiver, Lambert's lawyer acknowledges that he did not meet with him after sentencing, and thus failed to discuss the advantages and disadvantages of filing an appeal or to determine whether Lambert wanted to file an appeal.

(<u>Id.</u> at 6.)

## II.    DISCUSSION

### A.    Petitioner Is Entitled to an Out-of-Time Appeal

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013) (*per curiam*).  Petitioner must show counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  Under the prejudice prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

As to the deficient performance prong of Strickland, disregarding specific instructions from a defendant to file a notice of appeal demonstrates professionally unreasonable representation.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  The bright-line rule as explained by the Eleventh Circuit, states, "[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal."  Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*).  Furthermore, defense counsel has a general duty to consult about an appeal, including informing a client about the right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007).

3

Here, the Court need not determine the credibility of Petitioner's allegation he specifically instructed Mr. Johnson to file a notice of appeal, (doc. no. 1, p. 24), because the government concedes Mr. Johnson failed to consult with Petitioner about filing an appeal, as is required under Thompson.  (Doc. no. 5, p. 5.)  That Mr. Johnson may not have seen any viable appellate issues does not vitiate the duty to explain the appellate process, describe the advantages and disadvantages of filing an appeal, and explain his obligation to file an appeal if Petitioner so desired.  See id. at 1207.  Nor does the fact Petitioner signed a plea agreement with an appeal waiver mean Mr. Johnson was automatically relieved of his obligation to consult with Petitioner.  See Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005) (ruling that if counsel failed to fulfill duty to determine client's wishes about appealing, prejudice is presumed and entitles petitioner to an out-of-time appeal, regardless of whether there are meritorious issues fitting exceptions to appeal waiver).  While the government would certainly be free to raise the waiver provision in the plea agreement if an appeal were filed, Petitioner would also be free to argue why he believes the waiver is somehow invalid or not applicable.

Because Petitioner is entitled to an out-of-time appeal, the Court declines to address Petitioner's remaining ineffective assistance of counsel claim and recommends that claim be dismissed without prejudice.  See United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (*per curiam*).

**B.     Procedure to Re-Institute Right to Appeal**

When a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

(1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(l )(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).  The Court recommends these procedures to re-institute Petitioner's right to appeal.  After reimposition of Petitioner's sentence, Petitioner will have fourteen days in which to file a notice of appeal.

Petitioner must inform the Court during the objection period following issuance of this Report and Recommendation whether he intends to:  (1) proceed *pro se*; (2) retain counsel; or (3) seek appointed counsel from the Court.  Should Petitioner elect to seek appointed counsel, he **MUST** complete and return the enclosed CJA 23 Financial Affidavit by the close of the objection period.[1]  If Petitioner qualifies, the Court will appoint counsel for his appeal.  In the event Petitioner fails to respond, the Court will presume Petitioner is not seeking Court-appointed counsel, and Petitioner will be responsible for having the notice of appeal timely filed within fourteen days after the entry of the new judgment.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, the judgment in Petitioner's underlying criminal case

---

[1] The Court **DIRECTS** the **CLERK** to attach a CJA 23 Financial Affidavit to Petitioner's copy of this Order, stamped with this case number.

be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of August, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA