IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2020 OCT -7 P 2:41
CLERK J. Hodge
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 116-079 |
| | * |
| MIKE ARTHUR LAMBERT | * |

O R D E R

On September 1, 2020, Defendant Mike Arthur Lambert filed a motion to reduce his federal sentence pursuant to 18 U.S.C. § 3582(c). The Government has opposed the motion, and Defendant has filed a letter in reply.[1] For the following reasons, his motion is denied.

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. The applicable policy statement issued by the United States Sentencing Commission provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the

---

[1] Because the Court has read and considered Defendant's letter of September 23, 2020, Defendant's motion to supplement the record (doc. no. 97) is **GRANTED**.

community. Application Note 1 to the policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). The Application Note also provides a catch-all category: **"As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In his motion, Defendant states that he seeks relief under the third and fourth (catch-all) categories. More specifically, he states that his family circumstances have changed such that his "common-law spouse" is no longer able to care for their minor children because she is experiencing severe anxiety and depression over the loss of their oldest son in an apartment fire.[2] Defendant also complains about the adverse effects that the COVID-19 pandemic has had upon the living conditions in prison.

Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute. However, Section 603(b) of the First Step Act

---

[2] The Court will take this opportunity to express condolences to Defendant and his family on the tragic loss of Qua'Vonne Small and the resulting consequences to the family as revealed by Defendant in his motion.

2

amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, it appears from the record before the Court that Defendant only asked the Warden for a reduction in sentence based upon his familial issues and not out of concern for COVID-19 in the prison system. Accordingly, Defendant has not exhausted his administrative remedies as they relate to his claim for compassionate release due to COVID-19 as it affects him.[3]

With respect to Defendant's changed family circumstances, he claims that his common-law spouse can no longer care for their minor children because of debilitating mental illness. He further claims that while his mother (the children's paternal grandmother) would normally be available to care for the children, she is unable

---

[3] Moreover, even if he had exhausted his administrative remedies, Defendant has not alleged that he has a serious medical condition. In fact, he claims to be in good health. The Sentencing Commission has clarified that a serious medical condition is one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Defendant clearly does not qualify. And, to the extent that he seeks release under the catch-all category, the Court adheres to its conclusion that the Policy Statement of U.S.S.G. § 1B1.13 remains valid and applicable as written after the passage of the First Step Act. Thus, the catch-all category of Application Note 1(D) requires the recommendation of the Director of the Bureau of Prisons.

to because she is at high risk for seriously adverse effects should she contract COVID-19; thus, she is social distancing from the children.

The Bureau of Prisons offers further guidance on the application of the family circumstances category in Program Statement § 5050.50, which was revised on January 17, 2019. The Program Statement lists criteria for the Warden's review of a compassionate release claim, but the criteria are helpful to the Court as well. For instance, in the case of an incapacitated family member caregiver, the inmate must provide, *inter alia*, verifiable medical documentation of the incapacitation, a clear statement and documentation of a release plan, and letters or documentation confirming that the family member was, in fact, caring for the child while the inmate was in prison and immediately prior to the incapacitation and that the family member is the only family member caregiver capable of caring for the inmate's children. The Program Statement also lists several factors relative to the inmate for consideration, such as: to what degree the inmate had contact with or cared for the children prior to arrest, evidence of child abuse or neglect, and evidence of physical or emotional abuse of a spouse. In short, there are a number of factors and, more importantly, required documentation or verification demanded by the Bureau of Prisons before releasing an

inmate based upon the incapacitation of a family member caregiver. The Court will not demand less.

Upon due consideration, the Court concludes that Defendant is not entitled to the relief he seeks. First, he presents no verifiable evidence of his common-law spouse's incapacitation. Second, he presents no evidence of his mother's health condition. Third, he has not provided any documentation or letters of support about his family circumstances. Fourth, his claim that his mother cannot provide childcare is belied by his plan to move himself and the children into his mother's home upon release. Defendant bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). In short, he has not done so.

Finally, the Court must consider whether Defendant is a danger to the community, see U.S.S.G. § 1B1.13(2), and the sentencing factors of 18 U.S.C. § 3553(a), see 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh heavily against his release given the serious nature of his offense and his significant criminal history. Also, the Court finds that Defendant may be a danger to the community. In this regard, the Court finds compelling the following facts: (1) officers who executed the search warrant in this case recovered various controlled substances, firearms, ammunition and drug paraphernalia in the

family residence with the minor children, Presentence Investigation Report ¶ 5);[4] and (2) Defendant has an incident of domestic abuse on record, in which he punched and kicked his common-law spouse while the children were present, Presentence Investigation Report ¶ 21.[5] Accordingly, the Court cannot conclude

---

[4]   In fact, this Court varied upward from the advisory guideline range out of concern for the danger Defendant posed to his minor children.

[5]   In his reply letter, Defendant attempts to mitigate his criminal history as attributable to his drug addiction and to minimize the domestic violence incident as a mere slap to control a belligerent and enraged woman. (See Doc. No. 97.) To be clear, the Court bases its information upon the criminal indictment of Defendant in the State Court of Richmond County and the responding officer's affidavit in support of the arrest warrant, which reports the following:

> [The defendant] started to punch her in the face multiple times with a closed fist and kicked [her] while children were in the room. The victim then stated she ran outside to call the police when the defendant ran after her pushing her against there (sic) vehicle and started to choke her. [The affiant] observed multiple injuries to the victim to include a busted lip, scratches and bruises on both arms and the left side of her back.

Defendant pled guilty to this offense. Given the guilty plea and the reported injuries, the Court finds this version of facts more likely true than Defendant's version in his reply letter.

Further, Defendant emphasizes his post-conviction rehabilitation and good conduct in his reply letter. If Defendant's self-reported history is accurate, Defendant is to be commended for these accomplishments. However, the decisions of the past continue to have consequences, and the serious nature of his past conduct outweighs his rehabilitative efforts here, particularly since compassionate release is only granted under extraordinary and compelling circumstances.

that releasing Defendant is in the best interests of the community at large and the minor children in particular.

Upon the foregoing, Defendant Mike Arthur Lambert's motion for compassionate release (doc. no. 89) is hereby ~~DENIED~~.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE