IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-079 |
| | * | |
| MIKE ARTHUR LAMBERT | * | |

O R D E R

On October 7, 2020, the Court denied Defendant Mike Arthur Lambert's motion for compassionate release under 18 U.S.C. § 3582(c) due to family circumstances. (Doc. No. 98.) Recently, Defendant filed a "Motion for Emergency Reconsideration" of the Order of October 7, 2020, and he asks the Court to accelerate "the briefing order or expedite the hearing of his petition." (Id. at 1.) The Government opposes the motion.

After filing his motion for reconsideration, Defendant filed a notice of appeal. The filing of a notice of appeal generally divests the district court of jurisdiction "over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). Nevertheless, under Federal Rule of Criminal Procedure 37(a), this Court may defer considering the motion, deny the motion, or issue an indicative ruling that it would grant the motion if the case were remanded. Thus, Rule 37(a) allows the district court to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal. See Fed. R. Crim. P. 37 advisory committee note to 2012

adoption (stating that a district court can "entertain the motion and deny it"); cf. United States v. Blythe, 819 F. App'x 896, 897 n.1 (11th Cir. 2020) ("[A] district court retains jurisdiction to deny a motion attacking a judgment while an appeal from the judgment is pending, because the denial works 'in furtherance of the appeal.'").

In consideration of Defendant's motion for reconsideration, the Court notes that he raises an entirely new ground therein. His original motion for compassionate release focused on the alleged inability of his family to care for his minor children.[1] In fact, the Court determined that to the extent Defendant raised concerns relating to the COVID-19 pandemic, he had failed to exhaust administrative remedies. (Order of Oct. 7, 2020, at 3.) In his motion for reconsideration, Defendant now claims that he has contracted COVID-19, is deemed to have recovered, but is still suffering lingering effects from the disease. The thrust of his motion is that he should be released so he can receive more "effective treatment" than what is being provided in prison. (See Def.'s Mot., Doc. No. 99, at 3.)

---

[1] With respect to this aspect of his bid for compassionate release, Defendant supplies the Declaration of Ida Ward, his mother. (Doc. No. 99, Ex. A, at 1-3.) This declaration does not address and therefore does not alter the Court's findings regarding Defendant's failure of proof as to his common-law spouse's incapacitation. It also does not mitigate or contradict the Court's findings that Defendant may pose a danger to the community and his minor children.

2

Importantly, Defendant has not shown that he filed a COVID-19 related compassionate release request with the Bureau of Prisons. See 18 U.S.C. § 3582(c)(1)(A). Thus, Defendant has not exhausted his administrative remedies for this claim, and the Court will not address it further. Moreover, to the extent that Defendant believes the prison officials have been deliberately indifferent to his medical needs, his remedy lies in filing suit under 42 U.S.C. § 1983, not in the compassionate release provision.

Upon the foregoing, Defendant Mike Arthur Lambert's motion for reconsideration (doc. no. 99) is **DENIED**. His motion for an expedited hearing or briefing schedule is **DENIED AS MOOT**. His request for the appointment of counsel is similarly **DENIED**. See United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009) (holding that a prisoner does not have a constitutional right to counsel in a proceeding under 18 U.S.C. § 3582(c)). The Clerk is directed to **TERMINATE** the Government's motion to dismiss Defendant's motion for reconsideration (doc. no. 102). The Government's motion to seal Exhibits A and B to the Government's motion to dismiss (doc. no. 103) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE